**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 22 CR 00078 |
| v. | ) | |
| | ) | |
| WILLIAM GUERRERO | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF SENTENCING**

Now comes the defendant in the above-entitled matter and moves this Honorable Court to consider the following arguments and submission in support of his request for the court to adopt the binding plea agreement and impose a sentence of 12 months' imprisonment.[1] The Defendant agrees with the arguments made by the Government that the enhancements found by the Probation department are not applicable to Mr. Guerrero. The Defendant urges the Court to find that the Government's calculation of a base offense level of 14, followed by a two-point reduction for acceptance of responsibility, is the appropriate guideline range.

***Introduction***

Pursuant to 18 U.S.C Sec. 3553(a)(1) through (7), there are several factors to consider when imposing a sentence, including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to satisfy the statutory purposes of sentencing; and the kinds of sentencing available; among many others. Under the totality of circumstances test, the specific circumstances of Mr. Guerrero's case justifies a departure from the applicable sentencing guideline range. The Defendant would urge the Court to impose a sentence

[1] The plea agreement does call for a period of supervised release to be imposed. The Court is not required to impose a period of supervised release and should only impose a period of one year, if at all.

of no more than 12 months in the custody of the Bureau of Prisons, with an additional year of supervised release.

***Family and Personal Background***

William Guerrero was born on March 9, 2001, in Boston, Massachusetts. He was raised by his mother Marian Guerrero along with half-brothers, Gregory and Fendy. Raised in Boston, William's family struggled economically, relying on public assistance for housing and other needs. He was traumatized as a teenager when his best friend was killed by stray bullet in Boston's South End neighborhood while the two were playing basketball together. His trauma was confirmed by the medical professionals at the MCDOC who diagnosed him with post-traumatic stress disorder, anxiety, and a history of nightmares. He attended Boston Public School, but did not graduate nor obtain his GED.

William is presently dating Iris Baez and intends on moving in with her upon his release. They would live at 21 Chandler Street in Worcester, Massachusetts. The home has been approved by Probation and has the benefit of being away from some of the more negative influences of his peers who reside in Boston. William has previously worked at a landscaping business and at Home Depot. He hopes to gain employment in the Worcester area upon his release from custody.

For his part, William is anxious to complete his sentence and return to his family. He has always been employed and is eligible to begin working as soon as he is released. Once released he will be able to rejoin his family and restart his life away from some of the negative influences that have shaped him in the past. He also believes this experience has shown him that he must be mindful of his actions and the company he keeps. His family all report that he seems better, emotionally, and mentally, than he was prior to his incarceration. His brother Gregory, in

particular, indicated that he believes William has matured much in the last year which has helped his mental health and their relationship.

### *Sentencing Recommendation*

18 U.S.C. § 3553(a) directs this Court to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

William Guerrero is a young man who made a significant error in judgement for which he is tremendously remorseful. This is the first time he has ever been incarcerated and during his 11 months at the Strafford County Correctional Facility, he has had no disciplinary tickets of any kind. The Defendant joins in the Governments guideline calculation and

As such, the Defendant requests a sentence of 12 months in the Federal Bureau of Prison, followed by a period of supervised release of one year. This is a sufficient, but not greater than necessary, period of incarceration for Mr. Guerrero.

### *Conclusion*

For the foregoing reasons and the specific circumstances of Mr. Guerrero's case the Defendant would urge the Court to adopt the binding plea agreement as it is "sufficient, but not greater than necessary" to effectuate the goals of sentencing.

Respectfully submitted,
WILLIAM GUERRERO
By his Attorney,

/s/Eduardo Masferrer

Eduardo Masferrer
BBO#644623
Masferrer & Associates, P.C.
55 Union Street, 4th Floor
Boston, MA 02108
617-531-0135